SWAS

**FILED**

JUN 0 2 2009

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

|  |  |
|---|---|
| In re | Case No. 08-31810-A-13G |
| FOSTER and TERESA BROOKS, | Docket Control No. SBS-1 |
| Debtors. | Date: May 4, 2009<br>Time: 9:00 a.m. |

**MEMORANDUM**

This Memorandum supplements the court's ruling appended to the minutes of the May 4 hearing[1] on the motion to confirm the first amended plan.

Creditor Scott Brooks was the sole objector to confirmation of the first amended plan.  He believes that the debtors have not

---

[1]    The minutes, item 165 on the docket, erroneously state that they are for the hearing on April 6.  Also, the ruling appended to the minutes addresses the first amended plan without the further amendment made at the May 4 hearing.  Originally, the first amended plan provided for a 100% dividend to Class 7 nonpriority unsecured creditors, plus interest.  This was changed at the hearing (as indicated in the confirmation order). Instead, Class 7 unsecured creditors will receive a dividend only if the debtors recover on their claim against Scott Brooks.  In the event of a recovery, nonpriority unsecured creditors will receive as much as payment in full plus interest at the federal judgment rate.  If there is no recovery, these creditors will be paid nothing.

1  proven that the plan is feasible.  <u>See</u> 11 U.S.C. § 1325(a)(6).

2      As the plan was further amended at the May 4 confirmation
3  hearing, unsecured creditors will not be paid a dividend unless
4  the debtors are successful in the pending state court litigation
5  against Scott Brooks.  In that event, unsecured creditors will
6  receive any recovery up to the full amount of their claims, plus
7  interest at the federal judgment rate.

8      It was conceded at the confirmation hearing that absent a
9  viable claim against Scott Brooks, unsecured creditors would not
10  be entitled to a dividend.  That is, if this case were proceeding
11  under chapter 7, absent a litigation victory against Scott
12  Brooks, there would be no nonexempt assets to fund the payment of
13  the claims of nonpriority unsecured creditors.  <u>See</u> 11 U.S.C. §
14  1325(a)(4).  Therefore, in order to satisfy section 1325(a)(4),
15  the proposed plan need only promise to pay unsecured creditors
16  whatever is recovered in the litigation.

17      The state court litigation parallels a dischargeability
18  complaint, Adv. No. 08-2685, filed by Scott Brooks.  This court
19  earlier modified the automatic stay to permit all parties to
20  litigate their claims against one another in state court, and it
21  stayed the adversary proceeding pending completion of the state
22  court litigation.

23      A victory by Scott Brooks in state court will have two
24  likely consequences for the debtors' chapter 13 case.  First,
25  there will be nothing to pay to unsecured creditors.  Second,
26  this court must next determine whether the state court judgment
27  is a nondischargeable obligation of the debtors.
28  ///

On the other hand, if the debtors prevail against Scott Brooks, two other consequences are likely to follow.  First, Scott Brooks will not have a claim against the debtors.  Second, unsecured creditors will be paid from any recovery against Scott Brooks.

Hence, whatever the result of the state court litigation, Scott Brooks is unlikely to receive a dividend in this chapter 13 case.

This possible result squares with the confirmation requirements imposed by sections 1322(a) and 1325(a).  <u>See</u> 11 U.S.C. §§ 1322(a) & 1325(a).

As to feasibility (<u>see</u> 11 U.S.C. § 1325(a)(6)), the debtors need not prove that they are likely to prevail in state court against Scott Brooks.  Their plan does not depend on any such recovery to fund the payment in full of priority claims (<u>see</u> 11 U.S.C. § 1322(a)(2)) or secured claims (<u>see</u> 11 U.S.C. § 1325(a)(5)(B)).  These dividends will be paid from income sources other than a litigation recovery.  No challenge was raised to the dependability of these other income sources.

And, because it was conceded at the confirmation hearing that unsecured creditors would receive no dividend if this case proceeded under chapter 7 absent a recovery by the debtors against Scott Brooks, satisfying section 1325(a)(4) requires only that the plan provide for the payment of any recovery to nonpriority unsecured creditors.  The debtors do not have to prove they can fund a "best-interests-of-creditors" dividend because none is required absent a litigation recovery.

///

-3-

1   Thus, even if the debtors had no claim against Scott Brooks,

2   their plan could be confirmed.  Their regular income funds all

3   necessary dividends payable to priority and secured creditors,

4   and nonpriority unsecured creditors would be entitled to nothing.

5   Put differently, if this court concluded that the debtors'

6   claim against Scott Brooks had no value, or that the debtors had

7   no chance of success, the plan could still be confirmed.  Without

8   that claim, unsecured creditors would receive nothing in a

9   chapter 7 case and therefore section 1325(a)(4) does not require

10  any dividend in a chapter 13 case.

11  Dated: 2 June 2009                By the Court

12

13                                    _____

14                                    Michael S. McManus, Judge
                                      United States Bankruptcy Court

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

**CERTIFICATE OF MAILING**

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Dana Suntag
20 N Sutter St 4th Fl
Stockton, CA 95202

Steven Sievers
20 N Sutter St #202
Stockton, CA 95202

Russell Greer
PO Box 3051
Modesto, CA 95353-3051

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Dated: June 2, 2009

Susan C. Cox
Judicial Assistant to Judge McManus